**In re Lester J. HARRIS, Debtor.**

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Plaintiff,**

v.

**Lester J. HARRIS, Defendant.**

**Bankruptcy No. 80–0010–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

April 7, 1980.

Warren D. Hamann, Miami, Fla., for plaintiff.

Stephen H. Judson, Miami, Fla., for defendant.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This amended adversary complaint seeks a modification of the automatic stay and a determination of non-dischargeability under 11 U.S.C. § 523(a)(4). (C.P. No. 6) The debtor has answered. (C.P. No. 8) The matter was tried before me on April 3, 1980. This order is a memorandum of decision under B.R. 752(a).

The facts are not disputed. The debtor was vice-president of an insurance company which is in receivership under the auspices of the Florida Department of Insurance. Plaintiff is the surety on a fidelity bond covering the employees of the insurance company, including the debtor. The Department of Insurance has recently filed suit against the plaintiff surety alleging that three officers of the insurance company, including the debtor, diverted and converted premium funds to their own purposes in an amount in excess of the plaintiff's surety bond, $500,000. Recovery is sought from the plaintiff. The matter was removed to the District Court for the Northern District of Florida. Plaintiff has answered, denying liability, and has filed a third party complaint against each of the three officers, including the debtor, for indemnity for any loss adjudicated against it on account of the officers' acts. It is estimated that this litigation will require at least a year in the District Court and may take much longer.

Plaintiff seeks leave, under 11 U.S.C. § 362(d)(1) and Interim Rule 4001, to proceed on its third party complaint against the debtor.

Plaintiff also seeks a declaration now that any money judgment it may receive on the third party complaint against the debtor would be a non-dischargeable debt. This request is prompted, of course, by the fact that its claim against the debtor will be discharged in this bankruptcy unless the plaintiff acts now. 11 U.S.C. § 523(c). Interim Rule 4003 establishes a short interval for the plaintiff to seek such a determination. If it should wait until its liability, if any, is fixed, its claim against the debtor would have been discharged and the time for it to seek a determination of non-dischargeability would have long since expired.

It is plaintiff's contention, and I agree, that there is no way that plaintiff could obtain a judgment against the debtor on its third party complaint without that judgment being res judicata as to all the issues necessary to make that claim non-dis-

chargeable under 11 U.S.C. § 523(a)(4). That provision makes non-dischargeable any debt:

" . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . . "

*Collier on Bankruptcy* (15th ed.) ¶ 523.14.

The debtor argues that I should force the surety to litigate its claim against the debtor now and thus concede its liability to the Department of Insurance. Alternatively, it suggests that I exercise this court's discretionary jurisdiction under 28 U.S.C. § 1471 to transfer to this court the litigation now pending in the District Court, at least insofar as it relates to the debtor. The latter suggestion would have the tail wagging the dog and I elect to leave to litigation in the completely appropriate forum the parties have already selected. The debtor's first suggestion is plainly inequitable and cannot be accepted, if there be any alternative.

The parties have located only one other case presenting a similar dilemma, *In re Lebow*, S.D.N.Y.1975, 397 F.Supp. 487, where former Bankruptcy Judge Herzog elected to continue indefinitely the trial of the complaint to determine dischargeability until the contingent liability was resolved in a pending State court action. His decision was affirmed in the District Court. The decision appears eminently sound.

That case, however, differed from ours in that the claimant there could recover judgment without necessarily adjudicating all issues essential to non-dischargeability. In our case, there is no need to defer a decision here, unless this court lacks the power to enter a declaratory judgment. I believe that 11 U.S.C. § 105(a) gives that option. Although the debtor suggests otherwise, the issue before me seems clearly suitable for declaratory determination even though there are obvious future contingencies that will determine whether the controversy between the surety and the debtor become real. 10 Wright & Miller, *Federal Practice and Procedure*: Civil § 2757 at page 759.

It follows that plaintiff is entitled to a judgment modifying the automatic stay to permit it to proceed to judgment on its pending third party complaint against the debtor and that any judgment it obtains will be, a fortiori, non-dischargeable under 11 U.S.C. § 523(a)(4). This court will retain jurisdiction only to clarify that judgment on either party's motion, in the event that presently unforeseen developments in that litigation make this court's declaration of non-dischargeability uncertain in its application.

As is required by B.R. 921(a) a separate judgment will be entered in accordance with this order. Costs will be taxed on motion.