**Vern O. AUSTIN et al.,
Plaintiffs-Appellees,**

v.

**WENDELL–WEST COMPANY, a Limited
Partnership, et al.,
Defendants-Appellants.**

United States Court of Appeals,
Ninth Circuit.

July 1, 1976.

Rehearing and Rehearing In Banc
Denied, Aug. 9, 1976.

Howard R. Bartlett (argued), of Monheimer, Schermer, VanFredenberg & Smith, Seattle, Wash., for defendants-appellants.

Dillon E. Jackson (argued), of Powell, Livengood, Silvernale, Carter & Tjossem, Kirkland, Wash., for plaintiffs-appellees.

OPINION

Before DUNIWAY, ELY and TRASK, Circuit Judges.

At the conclusion of oral argument in this case on June 23, 1976, and after a conference, the following oral opinion was delivered from the bench:

DUNIWAY, Circuit Judge:

The court's oral decision will be typed from the tape [recording] and perhaps slightly edited, depending upon how bad the speaking is, and will become a published authoritative decision of the court on the issues presented in this case.

In the case, it is the judgment of the court that the judgment appealed from is affirmed. This is substantially for the reasons stated by Bankruptcy Judge Freeman in his findings of fact and conclusions of law and decision which appear on pages 415 through 419 of the record in this case [Appendix A to this opinion], and the reasons stated by District Judge Voorhees in his order affirming the decision of the bankruptcy judge, appearing at pages 619 and 620 of the record [Appendix B to this opinion]. Our decision also rests on the authority of the following cases: *In re Mountjoy,* W.D.Mo., 1973, 368 F.Supp. 1087; *In re Lebow,* S.D.N.Y., 1975, 397 F.Supp. 487, Bankruptcy Law Reporter, Aug. 21, 1975, and the case of *In re Wood,* which was handed down in the United States District Court for the District of Minnesota on April 23, 1976 and also, in part, on the reasoning of Collier about the 1970 amendments to the Bankruptcy Act, which appears at page 1096 of the *Mountjoy* opinion, where, after quoting Collier, the court states that the amendments "did not divest the bankruptcy courts of the discretion, absent special and unusual circumstances, to refrain from ruling on the dischargeability of a specific claim then in issue in a state court proceeding." At p. 1097, the court also said: "Thus the action of a Referee in allowing the creditors to pursue their action in the State Court proceedings is within the sound discretion and jurisdiction of the Referee."

The case before us is a close one, but we are persuaded that there is room for the exercise of discretion as it was exercised in this particular case.

Affirmed.

Appendix A to follow.

APPENDIX A

Filed
Western District of Washington
at Seattle
Nov. 22, 1974
Bankruptcy Court

Russell W. Bledsoe
Dillon E. Jackson
2921 Eastlake Avenue East
Seattle, Washington 98102
329–6800
Attorneys for Plaintiffs

In the District Court of the United States
for the Western District of Washington at Seattle

| In the Matter of<br>WENDELL-WEST COMPANY,<br>a limited partnership, et al.,<br>*Debtors,*<br>vs.<br>VERN O. AUSTIN, et al.,<br>*Plaintiffs,*<br>vs.<br>WENDELL-WEST COMPANY,<br>a limited partnership, et al.,<br>*Defendants.* | IN PROCEEDINGS FOR A REAL<br>PROPERTY ARRANGEMENT UNDER<br>CHAPTER XII<br>No. 68813, et al.<br>FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW |
|---|---|

This matter coming on for hearing before the Honorable Frank R. Freeman, special master in these proceedings, upon motion of the plaintiffs to vacate the stay against certain civil actions against the debtors now pending in Los Angeles County Superior Court and the Court having examined the files and records herein, reviewed the briefs of the parties and heard oral argument of counsel does make the following Findings of Fact and Conclusions of Law.

## I. *PROCEEDINGS*

1.1 *Stay Order:*

Plaintiff's actions in California were previously stayed as follows: Goldstein on October 19, 1973 and the other two suits [416]

by order of this Court on order to show cause, dated December 12, 1973.

1.2 *Plaintiff's Motion to Vacate:*

On March 5, 1974, plaintiff brought a Motion for Change of Place of Trial of the issues of fraud. Oral argument was heard and additional briefs requested and the final hearing was held on October 8, 1974 at 9:30 a. m. before Frank R. Freeman, Special Master. Although the title of the Motion was "Motion for Change of Place of Trial," it was understood by the Court and all parties to this action that the purpose of this Motion was to allow the litigation in the California State Courts to continue and that the issue before the Court was whether or not the Court would lift the stay order entered against those actions.

## II.  FINDINGS OF FACT

### 2.1  Pending State Actions:

Plaintiffs now have pending in Los Angeles County Superior Court for the State of California, the following actions:

Goldstein et ux vs. Clyde Properties, Inc. et al. No. C 36182; filed August 9, 1972; Austin et al. vs. Wendell-West Corporation, et al. No. C 58760; filed June 1, 1973;

Bieghler et al. vs. Wendell-West Development Corporation No. C 63491; filed July 31, 1973.

Defendants in these actions include the debtors as well as other parties not connected with this Chapter XII proceeding. These actions are more specifically identified by copies of the captions appended to these Findings of Fact and Conclusions of Law as appendix "A".

### 2.2  Nature of These Actions:

The California suits are based on allegations of fraud of misrepresentation. This Court makes no determination on the merits of those suits, but it is significant to observe that these allegations, if proven, may be grounds for holding that the debts [417] on the California judgments derived from these actions, if any, are nondischargeable.

### 2.3  Convenience of Court and Parties:

The bankruptcy court of this jurisdiction did not have the facilities to support lengthy jury or non-jury trials. Further, the press of the routine duties and calendars of the bankruptcy court would be severely disrupted by a lengthy trial. Although there have been conflicting statements with regard to the potential length of these suits, this Court is persuaded that the trial of these claims would certainly be of sufficient duration to substantially disrupt the ability of this Court to properly perform its other duties. Plaintiff has requested that if the bankruptcy court tries this action that it be tried before a jury.

These causes of action regard real property in the State of California. The Plaintiffs reside in California and the alleged cause of action arose in California. It is most likely that California law would be applicable to the case. Although the defendant debtors would suffer inconvenience and expense in attending trials in Los Angeles, there are approximately twenty three plaintiffs in this action, each of whom would be put to the expense of traveling to Seattle for this trial. Such an expense would be prohibitive to each individual plaintiff given the amount of each individual claim.

With all of the above factors taken into consideration, it appears that Los Angeles would be the appropriate location for the trial of these claims.

## III.  CONCLUSIONS OF LAW

### 3.1  This Court May Remove The Stay Against The Pending California Actions:

Although this Court has exclusive jurisdiction over the [418] question of dischargeability of debts, a bankruptcy act does not require this Court to try the issues of liability and damages. Section 428 of the Bankruptcy Act and Rule 401(d) clearly indicate the Court's discretion in this area.

### 3.2  Determination of Dischargeability:

Upon completion of the California actions, this Court may review the judgments and/or other records of these proceedings and may ask for further evidence to determine the issue of dischargeability. The record of the California actions will include either the Findings of Fact of a trial judge or the answers by a jury to special interrogatories on the issues of fraud relevant to the question of dischargeability which will be presented to this Court. If upon reviewing such documents, the bankruptcy court is persuaded that the relevant issues with re-

gard to dischargeability under the Bankruptcy Act have been fully addressed by the Findings of Fact or special interrogatories, it may then enter a determination of dischargeability. If the information submitted from the California courts does not sufficiently cover the issues presented to this bankruptcy court, a judge may then ask that further evidence be presented as it may require.

### 3.3 *Exclusive vs. Concurrent Jurisdiction:*

Although this Court has the power and jurisdiction to determine all issues with regard to the suits of the plaintiffs against the debtors herein, in a case of this magnitude the most efficient division of labor between the bankruptcy courts and the State courts would be best facilitated by allowing the State courts in California to determine the issues of liability and damages. Such a determination is consistent with the apparent intent of Congress in granting this Court exclusive jurisdiction on dischargeability matters and concurrent jurisdiction on the other issues of such actions.

[419]

### 3.4 *Lifting of Stay:*

The stays against the California civil actions

*Goldstein et ux vs. Clyde Properties, Inc.,* et al. No. C 36182

*Austin et al. vs. Wendell-West Corporation,* et al. No. C 58760

*Bieghler et al. vs. Wendell-West Development Corporation* No. C 63491

pending in the Superior Court of Los Angeles County for the State of California should be lifted and those cases allowed to proceed to trial in that Court.

The Stay issued against Clyde Properties, Inc., a defendant and cross-complainant against the debtors in those actions should be lifted and Clyde Properties, Inc. allowed to present their defenses against the plaintiffs and pursue their cross-claim against the debtors.

Dated November 22, 1974

/s/ Frank R. Freeman
Frank R. Freeman
Bankruptcy Judge, sitting as
Special Master

Presented by:
/s/ Dillon E. Jackson
Dillon E. Jackson
Of Attorneys for Plaintiff

## APPENDIX B

Filed in the
United States District Court
Western District of Washington
Jun 12 1975
Edgar Scofield, Clerk

United States District Court
Western District of Washington at Seattle

In the Matter of
WENDELL-WEST COMPANY,
a limited partnership, et al.,
*Debtors,*

VERN O. AUSTIN, et al.,
*Plaintiffs/Appellees,*

vs.

WENDELL-WEST COMPANY,
a limited partnership, et al.,
*Defendants/Appellants.*

APPEAL FROM
BANKRUPTCY COURT
No. 68813, et al.

ORDER UPON APPEAL

The debtors in this Chapter XII proceeding appeal from the Order Lifting Stay entered by the Referee in Bankruptcy on January 15, 1975. After considering the briefs and arguments of counsel, this Court is of the opinion that the order appealed from should be affirmed.

The Order Lifting Stay had the effect of permitting three civil actions, filed against the debtors in the state courts of California and previously stayed by order of the Bankruptcy Court, to proceed. Each of these three actions involves claims of fraud and misrepresentations in the sale of real property by debtors to the plaintiffs. All parties agree that the asserted debts fall within section 17a(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2). At issue in this appeal is whether, in light [620] of §§ 17c(2) and 17c(3) of the Act and Bankruptcy Rule 409, a Referee in Bankruptcy has discretion to permit the trial of issues other than dischargeability in a forum other than the Bankruptcy Court.

The Court is persuaded by the arguments of appellees and by the reasoning of *In re Mountjoy*, 368 F.Supp. 1087 (W.D.Mo.1973), that the 1970 amendments to the above-mentioned subsections of § 17 of the Bankruptcy Act did not deprive Referees in Bankruptcy of the discretion to remit issues other than dischargeability to forums other than the Bankruptcy Courts. Here, the referee lifted the stays against the California actions in order to allow trial there of the issues of liability and damages but reserved the issue of dischargeability for the Bankruptcy Court. While recognizing that this procedure is disfavored by the policies underlying the 1970 amendments to the Bankruptcy Act, this Court is of the opinion that the amended law does not forbid such procedure and that the referee's order lifting the stay was not in excess of his jurisdiction under § 17 of the Act.

This Court is also of the opinion that the findings of fact entered by the Referee are not clearly erroneous and that they support a finding by this Court that the Referee did not abuse his discretion in entering his Order Lifting Stay.

Accordingly, the Order Lifting Stay entered by the Referee in Bankruptcy on January 15, 1975 is AFFIRMED.

The Clerk of this Court is instructed to send uncertified copies of this Order to all counsel of record.

DATED at Seattle, Washington, this 11th day of June, 1975.

/s/ Donald S. Voorhees
Donald S. Voorhees
United States District Judge

TRASK, Circuit Judge (dissenting):

I regret to announce that I must disagree with the views of my distinguished brothers on the bench. It is my view that under the constitution of the United States the Congress has the power to create, to limit, or enlarge the jurisdiction of the inferior courts, including the Bankruptcy Court, and, that they did in this case. I find that the language of Sections 17(c)(2) and 17(c)(3) of the 1970 Amendments to the Bankruptcy Act are mandatory in nature, and I can find no way to avoid the mandatory requirements of those statutes. In my view there are sound reasons of policy that would have prompted the Congress to adopt them. The view that I take in interpreting the statutes is that Congress could well have decided that it is good policy to permit the determination in one forum of the question of liability and of dischargeability in situations described in Sections 17(a)(2), (4), and (8) of the statute.

I further find that the appellees' reliance upon Section 17(c)(4) as an escape from the mandatory language of Sections 17(c)(2) and 17(c)(3) is not persuasive and, therefore, I would reverse.