BAUER, Circuit Judge.
 

 Defendants-appellants Charles Holtkamp and Holtkamp Farms, Inc. (collectively Holtkamp) appeal from an order of the bankruptcy court lifting an automatic stay and permitting a pending civil action to proceed. We affirm.
 

 The pending civil action was a personal injury suit initiated by plaintiff-appellee Ronald E. Littlefield in 1979 and set for trial in May 1980. Five days before the trial was scheduled to begin, Holtkamp filed voluntary bankruptcy petitions under Chapter XI of the Bankruptcy Code, 11 U.S.C. § 1101
 
 et seq,
 
 designating Little-field’s personal injury claim as an unsecured debt. The personal injury suit was stayed automatically pursuant to 11 U.S.C. § 362(a).
 
 [1]
 
 Littlefield immediately filed adversary proceedings in the bankruptcy court seeking an emergency hearing to lift the stay. Holtkamp had only three hours notice of this hearing. The bankruptcy court granted Littlefield’s request to permit the personal injury suit to proceed to judgment, but prohibited Littlefield from attempting to collect any judgment he might receive. After a jury trial, a $5,025,000 judgment was entered in Littlefield’s favor.
 

 Holtkamp contends that the modification of the automatic stay arising under 11 U.S.C. § 362 constitutes reversible error because it contravenes the express provisions of the statute. Additionally he claims that in conducting the emergency hearing the bankruptcy judge committed error by: (1) reducing the time within which Holtkamp had to respond to Littlefield’s modification request; (2) admitting evidence without complying with procedural due process; and (3) failing to support the modification order with findings of fact, conclusions of law and a judgment. None of these arguments withstands analysis.
 

 I
 

 Section 362(d) provides for relief from the automatic stay “for cause, including the lack of adequate protection of an interest in property of such party in interest.” 11 U.S.C. § 362(d).
 
 [2]
 
 Since the statute commits the decision of whether to lift the stay to the discretion of the bankruptcy judge, his decision may be overturned only upon a showing of abuse of discretion.
 
 In re Frigitemp Corp.,
 
 8 B.R. 284 (D.C.S.D.N.Y.1981).
 

 Citing no authority to support his contention, Holtkamp argues that § 362 applies only to secured creditors and, thus, has no relevance to Littlefield’s unsecured claim. He maintains that Congress intended the automatic stay provisions to be broadly applied to cover all situations not specifically
 
 *508
 
 exempted by the statute and asserts that because none of the enumerated exceptions in § 362(b) apply here the lifting of the stay is contrary to both the spirit and the policy of the new Code. Holtkamp maintains that by permitting the litigation to proceed Littlefield, as an unsecured creditor, has improved his position at the expense of other creditors.
 

 Holtkamp’s contention that § 362(d) applies only to secured creditors is not supported by the statutory language or case-law. Subsection (d) grants relief from the automatic stay, under certain conditions, to “a party in interest.” Had Congress intended the section to apply only to secured creditors, it undoubtedly would have so stated. Further, nothing in the legislative history implies that Congress intended the restrictive application Holtkamp urges.
 
 See
 
 S.Rep.No.989, 95th Cong., 2d Sess. 52,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad. News 5787, 5838. Moreover, although the scope of subsection (d) is an issue of first impression in this Circuit, courts from other jurisdictions have applied subsection (d) in analogous situations. Thus, previously filed actions involving unsecured creditors have been allowed to continue despite the automatic stay provisions in § 362(a).
 
 See Brodsky v. Philadelphia Athletic Club, Inc.,
 
 9 B.R. 280 (Bkrtcy.E.D.Penn.1981);
 
 In re Frigitemp Corp.,
 
 8 B.R. 284 (D.C.S.D.N.Y.1981);
 
 In re Harris,
 
 7 B.R. 284 (D.C.S.D.Fla.1980);
 
 In re Honosky,
 
 6 B.R. 667 (Bkrtcy.S.D.W.Va.1980);
 
 In re Olmstead,
 
 608 F.2d 1365 (10th Cir. 1979).
 

 While we agree that Congress intended that the automatic stay have broad application, the legislative history to § 362 clearly indicates that Congress recognized that the stay should be lifted in appropriate circumstances. It states:
 

 [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.
 

 In re Honosky,
 
 6 B.R. 667, 669 (D.C.S.D.W.Va.1980), citing S.Rep.No.989, 95th Cong., 2d Sess. 50,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5836.
 

 Holtkamp’s claim that permitting the trial to go forward enabled Littlefield to gain a superior position over other creditors is belied by the facts. Holtkamp argues that by obtaining a judgment Littlefield can now enforce that judgment by securing a lien against Holtkamp’s property. This contention is erroneous,' for the bankruptcy’s court’s order expressly prohibited Lit-tlefield from attempting to enforce his judgment. Allowing the pending action to proceed merely determined Holtkamp’s liability but did not change Littlefield’s status in relation to other creditors.
 
 Brodsky v. Philadelphia Athletic Club, Inc.,
 
 9 B.R. 280 (Bkrtcy.E.D.Penn.1981).
 

 Indeed, contrary to Holtkamp’s assertion that the order of the bankruptcy court frustrated the policy of the Code, the lifting of the stay in this case is in complete harmony with the Code’s policy of quickly and efficiently formulating plans for repayment and reorganization. The purpose of the automatic stay is to preserve what remains of the debtor’s insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, H.R.Rep.No.595, 95th Cong., 1st Sess. 340 (1977),
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 6296-97, thereby preventing a “chaotic and uncontrolled scramble for the debtor’s assets in a variety of uncoordinated proceedings in different courts.”
 
 In re Frigitemp Corp.,
 
 8 B.R. 284, 289 (D.C.S.D.N.Y.1981),
 
 citing Fidelity Mortgage Investors v. Camelia Builders, Inc.,
 
 550 F.2d 47, 55 (2d Cir. 1976),
 
 cert. denied,
 
 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).
 

 However, where, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy. S.Rep.No.989, 95th Cong., 2d Sess. 50, 52,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5836, 5838. Allowing the civil action to go forward did not jeopardize
 
 *509
 
 Holtkamp’s bankrupt estate because his insurance company assumed full financial responsibility for defending that litigation. On the other hand, the interests of judicial economy militated in favor of permitting the suit to go forward, for the trial date had been set and witnesses, including Lit-tlefield who is a quadriplegic and several out of state witnesses, had been subpoenaed. Additionally, determination of the issues in the personal injury action did not require the expertise of the bankruptcy court. Under these circumstances, the lifting of the stay was proper.
 

 II
 

 We next consider the errors Holt-kamp assigns with respect to the manner in which the emergency hearing was conducted. Holtkamp argues that the three hours notice of the emergency hearing was “no notice at all” because he had no time in which to confer with counsel, take discovery, or prepare a response. Appellant’s Br. at 24. Noting that rule 712
 
 [3]
 
 of the Rules of Bankruptcy Procedure grants a defendant thirty days within which to answer, Holtkamp maintains that the shortening of the time in which to answer from twenty-five days to one day, with only three hours actual notice, denied him his due process right to be heard in a meaningful manner.
 

 Holtkamp fails to read rule 712 in its entirety. While he correctly asserts that a defendant is usually given 30 days to answer a complaint, he ignores the phrase “except when a different time is prescribed by the court.” Rule 712(a). Moreover, rule 712 must be read in conjunction with rules 906(c)
 
 [4]
 
 and 4001(b).
 
 [5]
 
 Rule 906(c) authorizes the bankruptcy judge to exercise his discretion to shorten any specified time period, while rule 4001(b) permits the court to grant ex parte relief from the automatic stay. Obviously, since Littlefield’s request was filed on the eve of trial, the emergency hearing had to be commenced immediately. Therefore, the shortening of the time was justified. Further, since Holtkamp already had notice of the scheduled trial and since Littlefield’s request raised no new issues, the shortening of the time period worked no prejudice and, thus, was not erroneous.
 

 Similarly, Holtkamp’s contention that the bankruptcy judge erred in allowing Littlefield to present evidence and take testimony is without merit. Holtkamp has failed to show how he has been disadvantaged. All the facts relevant to Littlefield’s request were within Holtkamp’s knowledge prior to the request for the hearing. At the hearing, the bankruptcy judge accorded both sides an equal opportunity to be heard and, therefore, the taking of testimony and admitting of evidence was proper.
 

 Holtkamp’s final complaint with respect to the manner in which the emergency hearing was held is that the bankruptcy judge violated rule 752(a)
 
 [6]
 
 by failing to “find the facts specifically and state separately its conclusions of law” and enter judgment. This argument fails for several reasons. First, as the trial court stated, an
 
 *510
 
 emergency hearing is not a trial triggering the provisions of rule 752(a). Second, assuming
 
 arguendo
 
 that rule 752(a) does apply, it is not error to fail to make formal findings of fact or conclusions of law when the basis of the bankruptcy judge’s decision is clear and, thus, reviewable,
 
 see In the Matter of Ollag Construction Equipment Corp.,
 
 578 F.2d 904 (2d Cir. 1978), or where there is no factual dispute,
 
 In re Metropolitan Realty Corp.,
 
 433 F.2d 676 (5th Cir. 1970),
 
 cert. denied,
 
 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971). Finally, a failure to make findings cannot be prejudicial where, as in this case, the party raising the objection is not entitled to prevail.
 
 See McInnes v. Publishers Service Co.,
 
 174 F.2d 647 (2d Cir. 1949). It is clear that in an emergency hearing to determine whether to lift the automatic stay the bankruptcy court need not state on the record its findings of fact and conclusions of law or enter a judgment.
 
 [7]
 
 Accordingly, the decision of the trial court is
 

 Affirmed.
 

 [1]
 

 . 11 U.S.C. § 362(a), in part, provides:
 

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities of—
 

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ....
 

 [2]
 

 . 11 U.S.C. § 362(d) provides:
 

 (d) On request of a party in interest and after notice of a hearing, the court shall grant relief from the stay provided- under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against property, if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.
 

 [3]
 

 . The relevant portion of rule 712 provides:
 

 (a) When Presented. If a complaint is duly served upon him, a defendant shall serve his answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court.
 

 [4]
 

 . Rule 906(c) states:
 

 (c) Reduction. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may in its discretion with or without application or notice order the period shortened ....
 

 [5]
 

 . Rule 4001(b) of the Interim Rules of Bankruptcy Procedure states, in part:
 

 (b) Ex Parte Relief from Stay. On the filing of a complaint seeking relief from a stay under Section 362(a) of the Code, relief may be granted without written or oral notice to the adverse party if (1) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or his attorney can be heard in opposition, and (2) the plaintiffs attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required.
 

 [6]
 

 .Rule 752(a) states:
 

 (a) Effect. In all matters tried upon the facts without a jury or with an advisory jury,
 
 *510
 
 the court shall find the facts specially and state separately its conclusions of law thereon, and the judgment shall be entered pursuant to Rule 921(a).
 

 [7]
 

 . Having concluded that the lifting of the stay was proper, it is unnecessary to consider Little-field’s argument that since the judgment in the personal injury action was entered by a court of competent jurisdiction, it cannot be vacated.