**In re Ira Laurence HUNTER, etc., Debtor.**

**THOMSON McKINNON SECURITIES, INC., Plaintiff,**

**v.**

**Ira Laurence HUNTER a/k/a Ira L. Hunter a/k/a I. Laurence Hunter, and James B. McCracken, trustee, Defendants.**

**Bankruptcy No. 82–01928–BKC–JAG.
Adv. No. 83–0548–BKC–JAG–A.**

United States Bankruptcy Court, S.D. Florida.

July 25, 1983.

Robert F. O'Malley, Jr., Miami, Fla., for Thomson McKinnon Securities Inc.

Bruce J. Benenfeld, North Miami Beach, Fla., for Ira Hunter.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOSEPH A. GASSEN, Bankruptcy Judge.

### INTRODUCTION

This adversary proceeding came on for trial before the Court, sitting without a jury, at Fort Lauderdale, Florida on July 11, 1983. The Court has carefully considered the evidence presented at the trial as well as the argument of counsel for the parties. Based thereon, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Court, having considered the pleadings and evidence, makes the following findings of fact:

1. On October 5, 1982, Ira Laurence Hunter a/k/a Ira L. Hunter a/k/a I. Laurence Hunter ("Hunter") filed a voluntary petition under Chapter 7 of the Bankruptcy Code and on October 8, 1982, James B. McCracken was appointed trustee in the case.

2. On February 3, 1983 Plaintiff, Thomson McKinnon Securities Inc. ("Thomson McKinnon"), filed a complaint to determine the dischargeability of debts of Hunter to Thomson McKinnon in that related adversary proceeding brought before this Court

under Adversary No. 83–0105–BKC–JAG–A. Thomson McKinnon alleged that as a result of the fraud, misapporpriation, embezzlement and/or larceny of Hunter, it was entitled to a determination of the nondischargeability of the claims held by it against Hunter, including that certain claim arising from the fraudulent removal of funds from the account of a Ronaldo Schacher totaling $124,390.17. Thomson McKinnon further alleged that in addition to the specific claims described, Thomson McKinnon sought that such other claims be determined to be nondischargeable to the extent that Thomson McKinnon may be held liable for any other claims or liabilities resulting from the fraud, misappropriation, embezzlement and/or larceny of Hunter for which Thomson McKinnon sustains a direct loss. The Court entered an order granting partial summary judgment in favor of Thomson McKinnon against Hunter with respect to the liability of Hunter to Thomson McKinnon for Hunter's wrongful and fraudulent withdrawal of money held in certain margin accounts, including the account of Ronaldo Schacher maintained at Thomson McKinnon. The order granting partial summary judgment further provided that the trial of the remaining issues in the case would be set after that certain adversary proceeding brought by Edwin Schweig against Hunter was tried or finally resolved.

3. On February 7, 1983, Ronaldo Schacher and Evelin Schacher filed a lawsuit against Thomson McKinnon in the United States District Court for the Southern District of Florida under Case No. 83–0307–Civ–WMH (District Lawsuit). The complaint filed in the District Lawsuit alleged nine causes of action based on misrepresentations and omissions, scheme to defraud and course of conduct operating as a fraud and deceit, margin violations, breach of fiduciary duty, negligence, common law fraud and conversion arising from the dealings between Ronaldo Schacher and Evelin Schacher and Hunter, who was employed as branch manager of Thomson McKinnon.

4. On June 13, 1983, Thomson McKinnon filed a complaint for relief from stay in the within adversary proceeding to permit it to join Hunter as a third party defendant in the District Lawsuit on the basis that the joinder of Hunter will reduce, if not eliminate, the issues to be tried by this Court relating to the nondischargeability of the claims held by Thomson McKinnon against Hunter based on Hunter's transactions with Ronaldo Schacher.

## CONCLUSIONS OF LAW

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1471(c) and (e) and the Rule for the Administration of the Bankruptcy System adopted by the United States District Court for the Southern District of Florida by the order of the District Court dated December 22, 1982 under No. 82–26–Misc.–Civ.

2. The automatic stay imposed under 11 U.S.C. § 362(a) operates as a stay of the commencement or continuation of any suit against Hunter, including any action to implead Hunter as a third party defendant in the District Lawsuit.

3. Pursuant to 11 U.S.C. § 362(d) the Court may terminate, annul, modify or condition the automatic stay for a cause. 11 U.S.C. § 362(d)(1).

4. Whether to modify the stay and permit actions involving a debtor to proceed in another forum is a matter of discretion exercised by the Bankruptcy Court. *In re Harris,* 7 B.R. 284 (D.S.D.Fla.1980).

5. In considering the facts and circumstances of this case, the Court exercises its discretion to permit Thomson McKinnon to implead Hunter as a third party defendant in the District Lawsuit.

6. The Court recognizes that by permitting Thomson McKinnon to implead Hunter as a third party defendant, additional attorney's fees and costs will be incurred by Hunter. On the other hand, if Hunter is not joined as a third party defendant in the District Lawsuit, there exists the potential duplication of effort and expense which would be incurred by Thomson McKinnon in relitigating those issues in this Court.

The difficult decision the Court must make in this case is to decide who should bear the burden attendant in such inconvenience, expense and effort.

7. The Court is persuaded that in this case it should follow the procedure suggested by the United States District Court for the Southern District of Florida in the case of *In re Harris, supra,* which decision affirms in part, and reverses in part, the decision of the United States Bankruptcy Court for the Southern District of Florida reported in 4 B.R. 506.

8. By permitting Thomson McKinnon to implead Hunter as a third party defendant in the District Lawsuit, the Court will avoid the potential duplication of effort and therefore will save considerable time, effort and expense by awaiting the outcome of the District Lawsuit and reviewing the facts established therein. Upon completion of the District Lawsuit, this Court can then review the judgments and/or other records of those proceedings. The record of the District Lawsuit should include findings of fact by the District Court or the answers by a jury to special interrogatories on the issues of fraud, breach of fiduciary duty and conversion which are relevant to the determination of the dischargeability of those obligations owed by Hunter to Thomson McKinnon. If upon reviewing the record, this Court finds that the relevant issues with regard to dischargeability have been fully addressed by the findings of fact or special interrogatories, it will then enter a determination of dischargeability. If the record from the District Court does not sufficiently address the issues presented to this Court, then this Court will take such further evidence as it may require.

9. Based on the foregoing, the Court grants the relief requested in the complaint to modify stay to permit Thomson McKinnon to join Hunter as a third party defendant in the District Lawsuit and shall reserve jurisdiction to determine the nondischargeability of the claims brought by Thomson McKinnon against Hunter upon completion of the trial therein.

10. A separate judgment incorporating the above findings and conclusions shall be entered pursuant to Bankruptcy Rule 921.