In re Lawrence B. **LAGROTTERIA,**
**Debtor.**

David **BARANSKI** et al., **Plaintiffs,**

v.

Lawrence B. **LAGROTTERIA,**
**Defendant.**

Bankruptcy No. 83 B 13253.
Adv. No. 84 A 0201.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 6, 1984.

---

Sharon Swarsensky, Much, Shellist, Freed, Denenberg Ament & Eiger, Chicago, Ill., for plaintiffs.

Norman Newman, Joseph E. Coughlin, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

This action comes on a motion of David Baranski et al. (hereinafter "Baranski plaintiffs") to modify the automatic stay pursuant to Section 362(d) of the Bankruptcy Code. 11 U.S.C. § 362(d) (Supp. V. 1981). The Baranski plaintiffs ask that the stay be modified so that they may proceed with their district court action captioned *David Baranski, et al. v. Robert B. Serhant, et al.*, 82 C 6611 which is pending before Judge Leighton. Dr. Lawrence B. Lagrotteria (hereinafter "debtor") objects to the motion of the Baranski plaintiffs.

## II

On October 27, 1982, the Baranski plaintiffs filed suit in the district court against Robert B. Serhant and other defendants seeking recovery of losses allegedly incurred as a result of their investments with Mr. Serhant. On January 21, 1983, the Baranski plaintiffs amended their complaint to include the debtor as a defendant. The amended complaint of the Baranski plaintiffs alleges that the debtor made false statements to some of the plaintiffs with reckless disregard for their truth or falsity. In addition, the amended complaint alleges that the debtor breached his fiduciary duties to the plaintiffs. Thereafter, on October 27, 1982, the debtor filed his petition in bankruptcy.

The Baranski case is one of many cases consolidated for trial or pre-trial purposes in the district court. Generally, the plaintiffs of the consolidated cases seek recovery of amounts allegedly lost as a result of investments with Mr. Serhant. Approximately twenty law firms are participating in the consolidated litigation. Trial has been set in the class action suits for November 5, 1984, however, no order has been issued as to whether the Baranski case will go to trial on the same date.

The Baranski plaintiffs argue that due to the size and complexity of the district court litigation, a separate trial in the bankruptcy court with respect to the debtor would be unfair, costly and a waste of judicial resources. The Baranski plaintiffs, therefore, ask that the automatic stay be modified to allow them to proceed in the district court litigation. Conversely, the debtor argues that modification of the stay would require two separate trials thereby resulting in a waste of judicial resources. Asserting that the dischargeability of particular debts can be determined only by a bankruptcy judge, the debtor argues that lifting the stay will result in two trials: one district court trial to determine liability and one trial before a bankruptcy judge to determine dischargeability. The debtor also contends that modification of the stay would impose a heavy burden on the debtor

by requiring him to defend "unjust" charges pending in the district court. Further, the debtor claims that the plaintiffs' delay in pursuing a modification of the stay has resulted in undue prejudice.

### III

■ Citing *In Re Richards*, 7 B.R. 711 (Bankr.S.D.Fla.1980), the debtor asserts that the bankruptcy court has exclusive jurisdiction to determine the dischargeability of particular debts. This court finds that *Richards* stands for the general proposition that dischargeability determinations under sections 523(a)(2) or (4) are exclusively matters of federal law. Moreover, *Richards* is factually distinguishable from the instant case. In *Richards*, the creditors sought to preserve their state court judgment by having it declared nondischargeable. Clearly, the state court in Richards did not have jurisdiction to determine dischargeability under sections 523(a)(2) or (4). However, in the instant case, the plaintiffs seek a modification of the stay so that they may pursue their action in the federal district court.

During the pendency of this motion, the "Bankruptcy Amendments and Federal Judgeship Act of 1984" (hereinafter "1984 Act") was enacted. Pub.L. No. 98–353, 98 Stat. 333. The jurisdictional provisions of the 1984 Act became effective upon the signing of the Act pursuant to section 122(a). Jurisdiction over the Baranski motion and most other pending bankruptcy cases, matters and proceedings vested in the federal district court pursuant to section 115(a) of the 1984 Act. On July 14, 1984, the pending bankruptcy cases, matters and proceedings were referred to the bankruptcy judges pursuant to the general order of the Chief Judge of the District Court.

■ Section 101 of the 1984 Act amends section 1334 of title 28. Section 1334 as amended provides:

(a) Except as provided in Subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under Title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334 *amended by* the 1984 Act. Section 1334 indicates that the district courts have original but not exclusive jurisdiction of all civil proceedings arising under, in or related to cases under title 11. It is the opinion of this court that jurisdiction to determine the dischargeability of particular debts lies concurrently with the bankruptcy judges and the district court. Therefore, the district court has jurisdiction to determine the dischargeability of the Baranski plaintiffs' alleged debts.

■ A modification of the stay will allow the Baranski plaintiffs to pursue their action in the district court which can determine both liability and dischargeability. "[A] desire to permit an action to proceed to completion in another tribunal may provide ... cause" to modify the stay. H.R. Rep. No. 595, 95th Cong., 1st Sess. 343–4 (1977); Cf. S.Rep. No. 989, 95th Cong., 2d Sess. 52–3 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6300. Avoidance of relitigation militates in favor of modification of the stay. *In re Hunter*, 32 B.R. 140 (Bankr.S.D.Fla., 1983). Thus, in the instant case, a modification of the stay will result in a conservation of judicial resources.

The debtor states that a service of summons was neither made nor attempted at any time. The debtor, therefore, contends that he is not a party to the district court litigation. Further, the debtor claims that the Baranski plaintiffs' delay in pursuing a modification of the stay has resulted in undue prejudice. Whether the debtor is a proper party defendant in the district court action and whether the debtor will suffer undue prejudice through a modification of the stay are issues which should be presented to Judge Leighton in the district

court action. Therefore, this court reserves opinion on these issues.

In conclusion, this court finds that a modification of the stay will result in a conservation of scarce judicial resources. Accordingly, the motion of the Baranski plaintiffs to modify the stay is granted. Counsel for the Baranski plaintiffs is to provide a draft order in accordance with this opinion within five (5) days.