### In re PRO FOOTBALL WEEKLY, INC., Debtor.

#### No. 86 C 703.

United States District Court, N.D. Illinois, E.D.

March 19, 1986.

Edward Slovick, James S. Gordon, Ira Bodenstein, Chicago, Ill., for plaintiff.

David B. Love, Winston & Strawn, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

The parties are before the court on defendant Gannett's appeal of the bankruptcy court's December 13, 1985 order refusing to modify the automatic stay pursuant to 11 U.S.C. § 362(d). For the following reasons, the court hereby reverses the bankruptcy court's refusal to modify the stay, and remands with instructions to modify to stay to permit the prosecution of Gannett's counterclaim against Pro Football Weekly in Case No. 85 C 6612.

### Procedural History

In June of 1985, Edward Slovick, a stockholder of Pro Football Weekly, Inc. ("PFW") filed this lawsuit in state court, alleging claims of breach of contract and fiduciary duty. Defendant Gannett Co., Inc. removed the case to this court in July of 1985, and subsequently moved for dismissal of the complaint on the grounds that Slovick, as a shareholder, was not the proper party to institute this action. This court granted the motion to dismiss on October 10, 1985. In the interim, PFW filed a voluntary petition in bankruptcy. On November 1, 1985, the court granted plaintiff's motion to substitute the proper party, PFW, as plaintiff. Gannett filed its answer and compulsory counterclaim on November 27, 1985. The counterclaim seeks repayment of sums Gannett allegedly loaned PFW in connection with the contracts at issue in this case. In December of 1985, Gannett moved the bankruptcy court to lift the automatic stay to permit the continued prosecution of its counterclaim in this action. The bankruptcy court denied the motion without opinion and instructed Gannett that the proper procedure was to appeal this ruling in the District Court. The bankruptcy appeal is case No. 86 C 703, and was assigned to Judge Duff. This court granted the motion for relatedness on February 14, 1986. Both the original case, No. 85 C 6612, and the bankruptcy appeal, No. 86 C 703, are presently pending before this court.

### Modification of Automatic Stay

11 U.S.C. § 362(a) provides that a petition in bankruptcy operates as a stay of all judicial proceedings against the debtor "that was or could have been commenced before the commencement of the case under this title, or to recover a claim against

the debtor that arose before the commencement of the case under this title ..." Subsection (d) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) The debtor does not have an equity in such property; and

(B) Such property is not necessary to an effective reorganization.

Lack of adequate protection and lack of equity are not the only grounds for relief from the stay, however, since Section 362(d)(1) dictates that the stay be vacated *"for cause,* including lack of adequate protection ..." (emphasis added). 2 Collier on Bankruptcy ¶ 362.07[3] at 362-57 (15th Ed. 1985).

The parties are presently before the court on Gannett's appeal of the bankruptcy court's refusal to modify the stay to permit the prosecution of its counterclaim in this court. In general, the decision whether to lift the stay is committed to the discretion of the bankruptcy judge, and his decision may be overturned only upon a showing of abuse of discretion. *Matter of Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). After reviewing the caselaw cited by defendants * and the applicable authorities, this court concludes that the bankruptcy judge abused his discretion when he refused to lift the automatic stay to permit Gannett to pursue its counterclaims in this court.

■ The test to determine whether an automatic stay should be lifted to allow continuation of a pending lawsuit is whether

a) Any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit,

b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c) the creditor has a probability of prevailing on the merits of his case.

*In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bkrtcy.N.D.Oh.1984); *Matter of McGraw,* 18 B.R. 140 (Bkrtcy.W.D.Wis. 1982).

■ In the present case, the defendant does not seek a modification of the stay in order to continue a pending action. PFW's lawsuit against Gannett is not affected by the automatic stay, and will continue regardless of the outcome of this appeal. Gannett merely requests a modification in order to allow it to prosecute its compulsory counterclaims in the same litigation. The court finds that at least two of the three factors considered by the bankruptcy courts when lifting a stay are present in the instant case. First, Gannett will be prejudiced by a refusal to lift the stay because it will be unable to fully defend its position against PFW in Case No. 85 C 6612. Second, the court does not foresee any hardship on PFW if all these claims are adjudicated in one proceeding. It is too early in the litigation for the court to determine the probability of Gannett prevailing in its counterclaim, the third factor.

Furthermore, the court concurs with Gannett's argument that modification of the stay will promote judicial economy by resolving all claims between PFW and Gannett in a single proceeding. *In re Hunter,* 32 B.R. 140 (Bkrtcy S.D.Fla.1983). Modification of the stay will thus avoid needless duplication of proceedings and will also prevent the undue prejudice to Gannett which would result if it had to separate its counterclaim and adjudicate it in a separate proceeding. *See Hunter, supra,* at 141. Therefore, the court concludes that the interrelatedness of PFW's and Gannett's claims strongly supports a modification of

---

* PFW has indicated that it does not intend to respond to this motion.

the stay in order to allow their joint adjudication in one proceeding.

In *Matter of Holtkamp*, 669 F.2d 505 (7th Cir.1982), the debtor filed a petition in bankruptcy five days before a pre-petition lawsuit was scheduled to go on trial. The bankruptcy court lifted the automatic stay to permit the plaintiff to proceed to judgment, but prohibited him from attempting to collect any judgment he might receive. The Seventh Circuit affirmed the bankruptcy court's order, noting:

> While we agree that Congress intended that the automatic stay have broad application, the legislative history to Sec. 362 clearly indicates that Congress recognized that the stay should be lifted in appropriate circumstances. It states:
>
> > It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Id.* at 508, *citing* S.Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5787, 5836. In the present case, PFW has not asserted any prejudice resulting from allowing this counterclaim, and further, it is significant that lifting the stay will leave the parties *in the plaintiff, PFW's chosen forum.* Given the procedural history of this case, the court concludes that there are compelling reasons for allowing Gannett to prosecute its compulsory counterclaim in the same forum that PFW has chosen to litigate its claim against Gannett. Furthermore, the court notes that, if the motion to substitute parties had been denied, then PFW would have had to file an adversary proceeding in bankruptcy against Gannett to obtain the requested relief, and Gannett would have been able to assert its compulsory counterclaim against PFW in that proceeding (*See* Rule 7013, which states that Fed.R.Civ.P. 13 applies in adversary proceedings).

The *Holtkamp* court further noted that the lifting of the stay to permit the continuation of the pending litigation

> [was] in complete harmony with the Code's policy of quickly and efficiently formulating plans for repayment and reorganization. The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, ... thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'

*Holtkamp*, 669 F.2d at 508, *citing In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981). PFW selected this forum when it requested to be substituted as a party. The court concludes that it would be inequitable under the facts of this case to force Gannett to defend this action in the District Court without raising its counterclaim, and then direct it to the Bankruptcy Court to duplicate these proceedings in order to establish its claim against PFW. Modifying the stay to allow prosecution of the counterclaim provides the most efficient method of adjudicating these claims, and the most equitable way of addressing the parties' claims against each other.

## Conclusion

The bankruptcy judge did not articulate any reason for his denial of the request to modify the stay. The court finds that, given the procedural history of this case, the denial of the motion to modify the stay was an abuse of discretion. Accordingly, the court hereby reverses the order denying the motion to lift the stay, and orders that the stay be modified to allow the continued prosecution of Gannett's counterclaims. The modification of the stay should only permit Gannett to pursue these claims in the litigation of case No. 85 C 6612; and should not be extended to permit Gannett to collect any judgment it might receive. *See Holtkamp*, 669 F.2d at 508. *See also In re Bock Laundry Machine Co.*, 37 B.R. 564 (Bkrtcy N.D.Oh.

1984) (creditors were entitled to limited relief from stay in order to pursue products liability actions in state court against debtor for injuries they sustained because of an alleged malfunction, but were not entitled to make any efforts to collect on the judgment obtained in such action).