**In re Alan BORBRIDGE and Terry Borbridge, Debtors.**

**Bankruptcy No. 86–05939F.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 19, 1988.

Eduardo C. Robreno, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., George D. Harwood, Eckell, Sparks, Levy, Auerbach, Monte & Moses, Media, Pa., for movant, Murray S. Eckell, Guardian of the Estate of Sally Borbridge, an incompetent.

Joseph B. Finlay, Jr., Philadelphia, Pa., for the debtors, Alan Borbridge and Terry Borbridge.

Leo F. Doyle, Philadelphia, Pa., trustee.

Alan Borbridge Terry Borbridge c/o Richard H. Anderson, Friedman and Anderson, Media, Pa., for the debtors.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

### I.

Before me for determination is a motion for relief from the automatic stay.[1] This motion is filed by Murray S. Eckell, Esquire who is the state court appointed guardian of the estate of Sally Borbridge. By order of the Court of Common Pleas of Delaware County, Orphans' Court Division, dated August 18, 1987, Ms. Borbridge was adjudged incompetent and Mr. Eckell was appointed her guardian.

The debtor, Alan Borbridge, is one of three children of Sally Borbridge. The movant believes that the debtor, Alan Borbridge, also known as Michael Borbridge, (see Exhibit D to the motion), misappropriated property belonging to his mother while he was in a fiduciary capacity to Mrs. Borbridge. Therefore, the guardian filed a proof of claim on October 9, 1987, and initiated an adversary proceeding requesting a determination that the debt owed by the debtor is nondischargeable by virtue of 11 U.S.C. § 523(a)(4). The adversary proceeding, 87-0874F, is scheduled for trial on February 11, 1988.

On October 29, 1987, the guardian filed a petition in Orphans' Court against another son of Sally Borbridge, named Donald Borbridge, alleging that Donald Borbridge also breached his fiduciary responsibility to his mother and requesting an accounting of the assets of the incompetent as well as a turnover of her assets to the guardian. No request was made for any damages to the extent that the incompetent's assets were wrongfully converted or dissipated. Because of the automatic stay, 11 U.S.C. § 362(a), Alan Borbridge is not a defendant in the state court petition. A hearing on the state court petition was scheduled for December 7, 1987, but not held for reasons that were never fully explained to this court; apparently no new hearing date has yet been scheduled, although the guardian believes that a hearing could be scheduled shortly, upon his request.

The movant seeks relief from the automatic stay, alleging that "cause" exists under 11 U.S.C. § 362(d)(1). He argues that he would like to bring a damage action against debtor Alan Borbridge similar to the action he intends to bring against Don-

---

1. There were a number of other matters concerning the abandonment of property and the execution of a deed which have been resolved by agreement of the parties. Also resolved by agreement is that the guardian, to the extent it was ever required, is granted relief from the automatic stay to proceed with a support action against Mr. Borbridge, so long as the obligation is a postpetition obligation and recovery comes from nonestate funds. *See generally In re Mac Donald,* 755 F.2d 715 (9th Cir.1985).

ald Borbridge, (depending upon the results of the accounting), and would like to bring these actions in one forum at the same time against both sons. Since bankruptcy court has no subject matter jurisdiction to hear an action by the guardian against Donald Borbridge, (*see generally In re Malone,* 74 B.R. 315, 318–320 (Bankr.E.D.Pa.1987)), the movant contends that judicial economy dictates that the entire matter be heard in state court. Otherwise, the movant fears he will be obligated to try the same matter twice, (albeit against different defendants), at considerable expense. Exactly what that expense would be was not quantified at the hearing held on this motion.

While the motion does not expressly so state, implicit in the guardian's request for relief from the stay is that I grant him permission to proceed in state court and also delay the trial on his adversary complaint set for February, 1988. He would prefer to have all factual matters tried in state court.

The debtor opposes the motion, contending that he has a right to have the dischargeability determination heard in this court. As this bankruptcy case is believed to be a "no asset" case, the chapter 7 trustee has taken no position concerning this motion.

## II.

■ 11 U.S.C. § 523(a) lists exceptions to discharge. Among those exceptions is § 523(a)(4) which states:

A discharge under section 727.... of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

Of some relevance to the matter *sub judice* is § 523(c):

(c) except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and hearing, the court determines such debt to be

excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Section 523(c) thus represents a congressional determination that bankruptcy courts possess exclusive authority to adjudicate some dischargeability issues, (i.e. those raised by subsection (a)(2), (4) and (6)), and concurrent jurisdiction with non-bankruptcy courts to decide other nondischargeability matters:

Thus it is clear that the bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts that fall within paragraphs (2) (4), or (6), because under section 523(c) the creditor must request the bankruptcy court for a determination of the dischargeability of debts within those categories. Failure to request determination of debts within paragraphs (2), (4) or (6) will result in the discharge of such debts. This represents no change from the provisions of the Bankruptcy Act. The procedure for the determination of dischargeability of a particular debt is prescribed by Bankruptcy Rule 4007. As to debts excepted from discharge other than those falling within the ambit of section 523(2), (4), and (6) the bankruptcy court has original but not exclusive jurisdiction; its jurisdiction is concurrent with the appropriate local court.

3 *Collier on Bankruptcy,* ¶ 523.06, at 523–36 (15th ed. 1987). *Accord, In re Lagrotteria,* 42 B.R. 864, 866 (Bankr.N.D.Ill.1984).

Since bankruptcy courts have exclusive jurisdiction over determinations under § 523(a)(4), the movant recognizes that I cannot grant him permission to bring his nondischargeability complaint in state court. Instead, he wishes to bring some sort of fraud or breach of fiduciary responsibility action in state court and then, if that matter is resolved successfully, to obtain a determination of his adversary proceeding in this court. He believes that the doctrine of collateral estoppel will enable him to prevail on the nondischargeability issue if he prevails against the debtor in a state court fraud action. *See In re McCall,* 76 B.R. 490 (Bankr.E.D.Pa.1987).

## III.

■ I appreciate that the lack of adequate protection is not the only basis for granting a creditor relief from the automatic stay under 11 U.S.C. § 362(d)(1). *In re Philadelphia Athletic Club, Inc.*, 9 B.R. 280, 282 (Bankr.E.D.Pa.1981). Indeed, the subsection states that relief can be granted "for cause, including the lack of adequate protection...." Thus, some courts have permitted unsecured creditors to proceed against the debtor in state court "for cause" pursuant to the broad discretion accorded bankruptcy courts under § 362. *See e.g., In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir.1986); *Matter of Holtkamp*, 669 F.2d 505 (7th Cir.1982); *In re Cherry*, 78 B.R. 65 (Bankr.E.D.Pa.1987); *In re Philadelphia Athletic Club*. The easiest ground for determining that "cause" exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as under an insurance or indemnity agreement. *See Matter of McGraw*, 18 B.R. 140 (Bankr.W.D.Wisc.1982); 2 *Collier on Bankruptcy*, ¶ 362.07[3], at 362–62 (15th ed. 1987). However, this is not the only ground by which an unsecured creditor has obtained relief from the automatic stay. In some instances, relief has been granted because the matter in dispute would be resolved more economically, conveniently, and quickly in a nonbankruptcy forum. *See In re Westwood Broadcasting, Inc.*, 35 B.R. 47 (Bankr.D.Hawaii 1983); *In re Philadelphia Athletic Club*; 2 *Collier on Bankruptcy*, ¶ 362.07[3].

A few courts, in an attempt to provide a framework within which a bankruptcy court may decide whether an unsecured creditor has met its burden of demonstrating the existence of "cause", *see In re CLC of America, Inc.*, 68 B.R. 512, 513 (Bankr.E.D.Mo.1986), have enumerated a list of factors to be considered when deciding such a motion for relief. *In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D.Ill. 1986) (3 factors should be considered in deciding whether to permit an unsecured creditor to continue with a pending lawsuit); *In re CLC of America, Inc.*, (12 factors are discussed). Similarly, Judge Scholl of this court has set forth a test for determining when cause exists which requires a balancing of the equities on a given motion for relief. *In re Ziets*, 79 B.R. 222 (Bankr.E.D.Pa.1987) *appeal pending; In re Cherry; In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005 (Bankr.E.D. Pa.1987).

■ These cases recognize that the bankruptcy court's exercise of discretion in resolving motions for relief for "cause" must appropriately consider the policies underlying the Bankruptcy Code as well as the competing interests of the creditor, debtor, and other parties in interest. Each request for relief for "cause" under § 362(d)(1) must be considered on its own facts. *In re Mac Donald*, 755 F.2d 715 (9th Cir.1985).

## IV.

■ In analyzing the contested matter at bench, I conclude that the guardian's motion for relief should be denied. The asserted rationale supporting relief from the stay presented by the movant does not justify a determination that this matter be heard in state court rather than here. On balance, the movant has not demonstrated that his asserted concern about having to litigate certain issues twice outweighs the policy considerations and interest of the debtor in having the matter tried here. *See In re Ward*, 837 F.2d 124, 128 (3d Cir. 1988) ("The moving party bears the burden of proof on a motion for relief from the stay"); *In re Skipworth*, 69 B.R. 526 (Bankr.E.D.Pa.1987) (movant has the burden of going forward with evidence to establish that there are some facts to support its allegations of cause); *In re CLC of America.*[2] Contrary to the assertion of the movant, resolution of the dispute between the movant and the debtor in this court will be faster and is likely to be more economical.

At present, there is no litigation pending against the debtor in state court. There-

---

**2.** I decline to follow *In re Humphreys Pest Control Co., Inc.*, 35 B.R. 712 (Bankr.E.D.Pa.1984) to the extent that it places the initial burden of production, (as opposed to the ultimate burden of persuasion), upon the respondent.

fore, the matter *sub judice* does not concern pending litigation which was disrupted on the eve of trial by the filing of a bankruptcy petition. *Matter of Holtkamp; In re Philadelphia Athletic Club; In re Hoffman*, 33 B.R. 937 (Bankr.W.D.Okl.1983).[3] In fact, the contrary situation exists in this matter: the movant is requesting that I delay trial of his dischargeability complaint, currently scheduled approximately thirty (30) days from the present, in order that he may first bring an action in state court. A pretrial order has been issued establishing a discovery cut off date, requiring the filing of a joint pretrial statement and scheduling trial for February 11, 1988. The motion requests that I delay the trial here indefinitely.[4] By denying the motion, I can resolve the pending adversary proceeding, the debtor can be discharged of all debts which are held to be dischargeable, the trustee can fully administer this case, and the case can be closed. Thus, a prompt resolution of this dispute as well as the entire bankruptcy case will be achieved if the guardian's motion is denied.

In addition, it is not clear that economy will be served if relief from the stay is granted. The guardian posits that any litigation in bankruptcy court against Alan Borbridge will mirror litigation in state court against Donald Borbridge. However, the guardian concedes, as he must, that the brothers may have acted independently of each other, and that one may bear no responsibility for wrongful actions, if any, which were conducted by the other. Thus, the two lawsuits may involve different factual issues, and may not be as duplicative as suggested.

On the other hand, were I to grant this motion for relief, it is clear that I may be forcing both the debtor and the guardian to proceed in two different forums. Such a result follows from the statutory provision requiring that bankruptcy courts determine questions of dischargeability under § 523(a)(2), (4), and (6). *See In re Lagrotteria.* Thus, even if the guardian were to establish the liability of the debtor in a state court proceeding, that court could not determine that such a debt was nondischargeable in this bankruptcy proceeding.[5] Instead, the parties would return to this forum for such a determination. At that time, the creditor might move to present additional evidence, or he might contend that, under the principle of collateral estoppel, the state court determination was sufficient to establish all of the elements necessary for the guardian to meet his burden under § 523(a)(4).[6] *In re McCall*, 76 B.R. at 493.

The movant argues that findings adverse to the debtor in his proposed state court lawsuit would certainly meet his burden under § 523(a)(4). That may or may not be so; it would be improper to render any decision concerning the preclusive effect of a future state court decision at the present time. *Austin v. Wendell–West Co.*, 539 F.2d 71 (9th Cir.1976); *In re Harris*, 7 B.R. 284, 286–87 (S.D.Fla.1980):

> But the decision of whether a judgment has a *res judicata* or collateral estoppel impact on the dischargeability of a debt in bankruptcy requires a careful consideration of the nature of the judgment and the factual findings upon which it is based. *See, e.g., Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir. 1980). When a declaratory judgment is entered on the basis of the collateral impact of another judgment not yet rendered, as was done here, this kind of careful consideration is not possible.

---

**3.** Resolution of the dispute here does not require the expertise of the state Orphans' Court, as a guardian has already been chosen. *Cf. In re Stephen Smith Home for the Aged, Inc.*, 80 B.R. 678 (E.D.Pa.1987) (recommendation of abstention made under 28 U.S.C. § 1334(c)(1) because probate dispute fell within specialized concerns of Orphans' Court). A guardian having been appointed, there is little additional expertise required of Orphans' Court.

**4.** Not only has the movant not commenced any lawsuit, it is possible that he may not do so until the pending accounting and turnover petition against Donald Borbridge is resolved.

**5.** *Compare In re Lagrotteria* (relief from the stay granted because district court, acting as the bankruptcy court, could decide the nondischargeability as well as the liability issues.)

**6.** *See e.g. In re Salamone*, 78 B.R. 74, 76–78 (Bankr.E.D.Pa.1987) which sets forth the elements of nondischargeability under § 523(a)(4).

Since the collateral estoppel issue cannot now be determined, and the overlap between claims brought against Donald and Alan Borbridge are uncertain, it is difficult to conclude that granting this motion will result in judicial economy.

Finally, I recognize that, in a few instances, motions for relief have been granted which, in some respects, were similar to the one presently before me. *See In re Olmstead,* 608 F.2d 1365 (10th Cir.1979); *In re Harris; In re Hunter,* 32 B.R. 140 (Bankr.S.D.Fla.1983). However, each of the three above cited decisions contained two factors missing from the matter *sub judice.* In all three cases, there were pending lawsuits at the time the debtors' bankruptcy petition was filed; in addition, the debtor was either already a third party defendant and the defendant in that litigation was seeking relief so that its third party complaint might be resolved, along with plaintiff's complaint, in the nonbankruptcy forum, *Olmstead; Harris,* or the defendant sought relief to add the creditor as a third party defendant, and then have the entire matter proceed in the nonbankruptcy forum, *Hunter.*

In all three cases, the nonbankruptcy defendants were granted relief from the automatic stay so that the third party action against the debtor could be adjudicated at the same time the main case was tried. The rationale behind these rulings was simple: "adjudication of a third party complaint while the main action is still pending would be putting the cart before the horse." *In re Harris,* 7 B.R. at 286; *accord In re Olmstead.* If the defendant prevailed in the main action, the debtor would have no indemnity liability. It therefore made sense both to await the outcome of the main case, which was already pending, and to allow the same tribunal to decide the third party action at the same time as the main action.

Here, though, there is no pending lawsuit and no indemnification claim against the debtor. Donald Borbridge is not requesting relief from the stay to join his brother as the third party defendant. And the suit against Donald Borbridge is only for an accounting and a turnover, not for damages. Thus, the rationale behind *Olmstead, Harris* and *Hunter* cannot appropriately be applied here.

Balancing all the equities and considering the relevant Bankruptcy Code policies, I shall deny the motion for relief. This will result in a prompt determination of the dischargeability issue in one forum. *See In re CLC of America, Inc.,* (fraud claim will be resolved by bankruptcy court).

An appropriate order will be entered.

### ORDER

AND NOW, this 19th day of January, 1988, upon consideration,

it is hereby ORDERED that the motion of Murray S. Eckell, Esquire, guardian of the estate of Sally Borbridge, for relief from the automatic stay is DENIED except as follows:

Relief from the automatic stay is granted to permit the guardian of Sally Borbridge to bring an action in support against the debtor so long as the obligation is a postpetition obligation and recovery comes from nonestate funds.