### In re Michael R. FOWLER and Darla J. Black Ingle, Debtors.

#### No. 00–42400–S.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

March 5, 2001.

Jesse Saunders Freels, Jr., Sherman, TX, for Debtors.

Quentin Brogdon, Heygood, Orr, Reyes & Brogdon, Dallas, TX, for Movants.

## OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Motion For Relief From the Automatic Stay (the "Motion") filed by Jose and Diana Betancourt, Individually, and as Next Friends of John Betancourt, Desaray Melendez, And Rebecca Sanchez, Individually, and as Representative of the Estate of Rolando Melendez, Deceased (the "Movants") and the Amended Response to same filed by the Debtor. The Motion came before the Court pursuant to regular setting and the Court has considered the pleadings filed, the argument of counsel, the record in this case and the evidence adduced in hearing. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.

Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL HISTORY

The Debtor filed a voluntary petition under Chapter 13 of Title 11 on August 9, 2000. Included in Debtors' Schedule F—list of Unsecured Creditors and in Debtors' Statement of Financial Affairs is the suit styled *Jose and Diana Betancourt, Individually, and as Next Friends of John Betancourt, Desaray Melendez, And Rebecca Sanchez, Individually, and as Representative of the Estate of Rolando Melendez, Deceased v. Fowler Enterprises, Inc., Michael Fowler and Darla Ingle and J. Guadalupe Mancera Valencia,* CA 219-1025-98, pending in the 219th Judicial District Court of Collin County Texas (the "Lawsuit"). The Lawsuit was set for trial in August, 2000.

Movants filed the Motion seeking this Court's order lifting the automatic stay in this case "to liquidate Movant's damages claims in their pending personal injury suit in Collin County, Texas." Movants aver that liquidation of their claims is "necessary to determine tort liability and the value of the claims against the estate of the debtors." The Motion came on for preliminary hearing and was converted to a final hearing.

## DISCUSSION

The automatic stay of § 362 prohibits Movants from proceeding against Debtor in the Collin County Court without first obtaining relief from the automatic stay. The filing of a petition under Chapter 13 of the Code operates pursuant to § 362(a) as an automatic stay of: (1) the commencement or continuation including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of

858

the case under this title; [and] ... (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. *11 U.S.C. § 362.*

This section is deemed "one of the fundamental debtor protections provided by the bankruptcy laws." H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in U.S.Code Cong. & Admin.News 5963, 6296; S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. *In Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir.1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540, reh'g denied, 430 U.S. 976, 97 S.Ct. 1670, 52 L.Ed.2d 372 (1977), the Second Circuit stated that the stay is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another. *Ibid.* at 55.

Under 11 U.S.C. § 362(d)(1), the court may grant relief from the automatic stay "for cause". While the Bankruptcy Code does not specify what constitutes "cause" to grant relief from the stay other than "lack of adequate protection," the legislative history to the provision provides some guidance:

> Subsection (d) requires the court, on request of a party in interest, to grant relief from the stay, such as by terminating, annulling, modifying, or conditioning the stay, for cause. The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause.... [A] a desire to permit an action to proceed to completion in another tribunal may provide an-

other cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the Bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. **The facts of each request will determine whether relief is appropriate under the circumstances.** *H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 343–44 (1977)* (emphasis added). When relief from the automatic stay is sought, the party seeking the relief has an initial burden to demonstrate cause for relief. *In re RCM Global Long Term Capital Appreciation Fund. Ltd.,* 200 B.R. 514, 526 (Bankr.S.D.N.Y.1996); *In re Stranahan Gear Company, Inc.,* 67 B.R. 834, 836–37 (Bankr.E.D.Pa.1986).

*In re Bruce,* 2000 WL 968777 at *8.

■ Ultimately, the granting of relief from the automatic stay is left to the discretion of the Bankruptcy Court and decided on a case by case basis. Some factors commonly considered by Bankruptcy Courts in determining that "cause" exists for such relief include whether the bankruptcy case was filed, as in this instance, on the eve of trial, whether there is a lack of connection with or interference with the bankruptcy case (e.g., a child custody action), whether prejudice to the bankruptcy estate results and whether the unsecured creditor seeking relief intends to recover from non-estate property. *In re Borbidge,* 81 B.R. 332 (Bkrtcy.E.D.Pa.1988).[1]

---

**1.** The U.S. District Court in *In re Abrantes,* 132 B.R. 234 (N.D.N.Y.1991), found that after

In regard to the latter fact scenario, the *Borbidge* Court specifically referred to creditors seeking recovery from insurance proceeds. (*See also In re Honosky*, 6 B.R. 667 (Bkrtcy.S.D.W.Va.1980) for a discussion that includes cases so decided under the Bankruptcy Act.) At the hearing Movants argued that the Collin County litigation was necessary because the insurance proceeds would not cover the medical bills incurred. Although there was no evidence on the adequacy of the insurance policy limits or on the extent of the medical expenses, the Court must conclude that, in this case, Movants do not seek to limit their recovery to insurance proceeds.

Defendants argue that liquidation of their claims is necessary "to determine tort liability and the value of the claims against the Debtors' estate."[2] Courts frequently consider the issue of determining liability and valuing claims. In the case *Matter of McGraw*, 18 B.R. 140 (Bkrtcy. W.D.Wis.1982), creditors sought to terminate the automatic stay to proceed with litigation of a personal injury case arising from an automobile accident. The Court's threshold question was whether the debtor's presence as a defendant in the creditors' civil suit was required for an adjudication of debtor's employer's vicarious liability under the doctrine of *respondent superior* and the apportionment of negligence between the parties. The Court determined that:

> "The more difficult question arises in determining whether the protection afforded a debtor in bankruptcy should be modified and reduced to permit and require McGraw to participate in the trial as a party defendant. Both the U.S. Congress and federal bankruptcy courts have recognized that relief from the 11 U.S.C. § 362 stay is permissible in some limited circumstances. Courts have allowed tailoring of the 11 U.S.C. § 362 stay to permit the continuance of a civil suit with a debtor where two conditions

*In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2nd Cir.1990), "there is no doubt that a court's determination of whether a movant has met its burden of proof on the issue of "cause" must include an analysis of the *Curtis* factors." Upon concluding that neither the statute nor the legislative history defined "cause," the Second Circuit looked to case law for guidance. Quoting, with approval, *In re Curtis*, the court listed twelve factors a court should weigh in deciding whether to lift the automatic stay:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and balance of harms.

*In re Abrantes, Id.* at 237 citing to *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984).

With the exception of the 11th factor ("ready for trial"), Movants would not be able to prevail if this Court applied the *Curtis* factors as a test.

**2.** Movants cite to *In re Bock Laundry Machine Co.*, 37 B.R. 564 (Bkrtcy.N.D.Ohio, 1984) as authority that the automatic stay provision was "never intended to preclude a determination of tort liability and the attendant damages." The facts in the *Bock Laundry Machine* case differ substantially from those in this case: the relief sought by the Movants was limited to exclude any collection of the judgment and, except for the amount of the deductible, the insurance policy covered the damages. Most important, Movants demonstrated to the court that a hardship would result from not proceeding which outweighed any detriment to the Debtor from proceeding with litigation.

860

were met." [cites omitted here] These conditions are that:

(a) No "great prejudice" to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and

(b) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

Some elements of "great prejudice" have been identified. "Great prejudice" results if the debtor/bankrupt is held personally liable, for purposes of collection, for a civil damage award.

*Matter of McGraw, Ibid* at 143 citing to *In re Terry,* 12 B.R. 578, 581 (Bkrtcy. E.D.Wis.1981).

The facts of this case, as sketchily developed at the hearing, are that Defendants filed a civil suit to recover damages sustained in a pre-petition automobile collision. Although it is not stated in the pleadings and was not revealed until well into the hearing on the Motion, neither of the Debtors were involved in the collision. Rather, it appears that Mr. Fowler is the employer of the truck driver of one of the vehicles involved in the collision; such employee is alleged to have caused the accident that resulted in the Defendants' medical expenses and the death of a minor. Movants have not informed this Court at the hearing or in pleading of the specific bases of its claims against Mr. Fowler, but it is presumably a claim under *respondent superior.* Respondent asserted and Movant did not deny that the limits of the Debtors' applicable insurance policy have been offered to Movants or, perhaps, tendered to Movants. Any amounts over and above the policy limits for which Debtors could be found liable would be classified as an unsecured claim against the estate. No proof of claim had been filed by Movants in this Chapter 13 case as of the hearing date, but a subsequent claim has been filed.

 The Court identifies the legal issue as simply whether, once the insurer has tendered any amounts due up to the limits provided under the policy, there is a reason to lift the stay and allow the Collin County action to proceed against the Debtors.[3],[4] The identification of the legal issue thusly and paucity of evidence presented

---

**3.** The Bankruptcy Court considered the nature of a cause of action in *In re Johns–Manville,* 57 B.R. 680 (Bkrtcy.S.D.N.Y.1986). It determined that a cause of action is a "claim" within the meaning of Bankruptcy Code, which must be adjudicated under reorganization umbrella, and that the automatic stay applies. *Johns–Manville, Ibid* at 680 citing to 11 U.S.C.A. §§ 101(4)(A) [now § 101(5)(a)] and 362. Further, damages which are considered unmatured, unliquidated and contingent, are subsumed within the definition of a claim. *See, also, In In re All Media Properties, Inc.,* 5 B.R. 126 (Bankr. S.D.Tex.1980), aff'd, 646 F.2d.193 (5th Cir. 1981) The *All Media Properties* Court stated that "claims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event." *Ibid.* at 133. Therefore, the Defendants' claims (scheduled by Debtors as "disputed") are contingent and unliquidated because there has been no determination yet in the state court actions on Debtors' possible liability and, therefore, such claims should be adjudicated

in the Bankruptcy Court. See 11 U.S.C.A. § 502(c).

**4.** Cf. *In re Columbia Gas Transmission Corp.,* 219 B.R. 716 (S.D.W.Va.1998), in which an automobile accident victim who had not received notice of the bankruptcy sued a Chapter 11 debtor (whose plan had been confirmed) for injuries that she allegedly sustained pre-confirmation but post-petition due to slippery conditions arising from the runoff of water from the debtor's gas well road. The action was removed to federal court. On the debtor's motion for summary judgment on these and other contribution/indemnification claims asserted by its co-defendants, the District Court held that the automobile accident victim would not be allowed to proceed with her suit against the debtor **solely for the limited purpose of establishing debtor's liability and recovering from debtor's insurer where the debtor rather than the insurer would be liable for the cost of the defense of the suit** [Emphasis added.] and defense would violate the freshstart policy of the Bankruptcy Code.

by the parties caused this Court to take the matter under advisement and deliberate carefully before ruling. This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor. Frequently, these actions are coupled with a pledge by the creditor that he only seeks to go forward to determine the liability and that such liability will be paid by the liability insurance carrier and there is no expense to the estate. No such clear cut situation was presented in this case and Movant concentrated on the horror of the accident and the death of a child involved rather than the issues of whether or not the stay should be lifted. The Court reiterates: "[w]hen relief from the automatic stay is sought, the party seeking the relief has an initial burden to demonstrate cause for relief." *Bruce, Supra.* It is the position of Movants that proceeding in the Collin County court is necessary for "equity", "correctness" and "justice". Movants admit that the insurance company has been active throughout the case and previously provided counsel to defend the Debtors, but Movants did not call upon such counsel to testify that it would continue to do so. This Court assumes that insurance counsel is contractually bound to continue its defense but cannot be sure that there is no cost to the Debtors to defend in the Collin County action. Cost of defending an action is but one factor for the court to consider which alone does not constitute grounds for denying a movant relief from the automatic stay. *Bruce, Ibid.* at *3 citing to *Walker v. Wilde (In re Walker)*, 927 F.2d 1138, 1143 (10th Cir.1991). Further, Movants advised the Court that discovery has been concluded. This fact, indicates that the Debtors will not be forced to bear substantial additional costs in order to defend the lawsuit. The Debtors presented no evidence indicating that any prejudice to them or the administration of the bankruptcy estate would result from granting the motion.

Although the presentation of the evidence left many unanswered questions in this case, there is one overriding consideration that is inescapable. There has been a serious accident and the Creditor has asserted a colorable claim against this Debtor. It is a personal injury and wrongful death claim which cannot be tried in this Court. 28 U.S.C. § 157. This is not simply a case where this Court can rule that the Creditor has made no compelling showing that the Debtor must be forced to leave bankruptcy court and go to another forum for a determination of liability. If this claim is ever liquidated, it must be liquidated in state court or the reference to bankruptcy of this portion of this action must be withdrawn by the Federal District Court and the matter must be liquidated there. There is no reason to believe that the burden on Debtor would be any more onerous to liquidate this action in state court than to have the reference withdrawn and litigate in Federal District Court. This matter cannot go forward in bankruptcy court and if the creditor is not granted relief from the stay, he is left with no remedy in any court. That simply does not comport with due process. Creditor's evidence as to all the traditional tests as to whether or not relief from the stay should be granted was seriously lacking. However, the evidence is clear that the Creditor does have a claim against Debtor and fairness requires that the stay be lifted to allow the claim to be liquidated in state court. Any collection on that claim after liquidation will have to be pursued in this Court as a claim in Debtor's bankruptcy. An order will be entered accordingly.