**PURSUE ENERGY CORPORATION,**
Plaintiff,

v.

**MISSISSIPPI STATE TAX COMMISSION,**
Defendant.

**Civ.A. No. 3:03–CV–1009.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 31, 2005.

Thomas Glover Roberts, Roberts & Grant, P.C., Dallas, TX, James W. Newman, IV, Newman & Newman, Jackson, MS, for Pursue Energy Corporation, Appellant.

William F. Blair, Blair & Bondurant, P.A., Eileen N. Shaffer, Eileen N. Shaffer, Attorney, Gary Wood Stringer, Mississippi State Tax Commission, T. Hunt Cole, Jr., Forman, Perry, Watkins, Krutz & Tardy, LLP, Derek A. Henderson, Derek A. Henderson, Attorney, Jackson, MS, for Mississippi State Tax Commission, Committee of Unsecured Creditors, Appellees.

Ronald McAlpin, Office of the U.S. Trustee, Jackson, pro se.

### ORDER AFFIRMING BANKRUPTCY COURT

WINGATE, Chief Judge.

Before this court is the appeal from the United States Bankruptcy Court brought by the Mississippi State Tax Com-

mission in the above styled and numbered cause. This court has jurisdiction over bankruptcy appeals pursuant to Title 28 U.S.C. § 158(a), which provides that, "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders and decrees; . . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir.1989). Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard. *Id.; see also* Bankruptcy Rule 8013.[1] Conclusions of law are reviewed *de novo. In re National Gypsum Company*, 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871, 121 S.Ct. 172, 148 L.Ed.2d 117 (2000); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir.1999). This court has fully reviewed the findings of fact and conclusions of law of the Bankruptcy Court, as well as the briefs of the parties on appeal. This court is persuaded that the determination of the Bankruptcy Court must be affirmed.

## BACKGROUND

Pursue Energy Corporation ("Pursue"), the debtor pursuant to a petition in bankruptcy filed under Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. §§ 1101–1174, is a producer of oil and gas subject to severance taxes in Rankin County, Mississippi. Pursue entered into a long term contract in 1980 to sell gas to Southern Natural Gas Pipeline Company (Southern National). In June of 1992, Pursue and Southern National executed an amendment to their gas purchase contract which resulted in a $79 million dollar payment to Pursue and its partners in 1993. A final payment to Pursue was made by Southern National in 1996 of $8.4 million dollars. The parties agree that Pursue did not report either of these payments in its gas severance tax returns filed with the Mississippi State Tax Commission.

In 1996, the Mississippi Tax Commission's undertook an investigation into payments made to various oil and gas producing companies in Mississippi. These payments had been made by oil and gas purchasers such as Southern National who were locked into long-term contracts with the oil and gas producers such as Pursue for purchase prices well above the market price of the commodity. The payments were settlements intended to modify or rescind unfavorable contracts.

The Tax Commission's investigation in 1996 requested that Pursue and others produce documents and information relating to a series of settlements beginning in 1993 and concerning payments greater than $100 million. Pursue resisted the production of the information and filed a lawsuit, along with The Louisiana Land and Exploration Company and Inexco Oil Company, in the Rankin County Chancery Court. These state court plaintiffs sought to put an end to the Tax Commission's investigation and its request for the documents in question. Pursue particularly argued that Mississippi's Attorney General

---

1. Bankruptcy Rule 8013 provides that, "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

and State Tax Commission acted without legal authority. The Chancery Court of Rankin County ruled against Pursue, requiring it to produce the documents in question. This decision was upheld by the Mississippi Supreme Court.

Shortly after the Mississippi Supreme Court's decision in *Pursue v. Mississippi State Tax Commission,* 816 So.2d 385 (Miss.2002), the Tax Commission issued three tax assessments against Pursue for $8,674,200.00 based on the $79,000,000.00 payment; $2,397014.00 based on deductions Pursue had claimed; and a $354,674.00 use tax assessment. Once these assessments were made, Pursue filed its petition for bankruptcy relief under Chapter 11 on September 20, 2002, without contesting the assessments in accordance with the administrative procedures provided under Mississippi law. The Tax Commission says it was compelled to file a proof of claim in the amount of $11,077,727.22 in order to protect its position, and to file an objection and motion to abstain or to grant relief from automatic stay so that the Mississippi administrative proceedings could begin. The Bankruptcy Court denied the motions to abstain in accordance with its analysis of the factors set forth in *In re Searcy v. Knostman,* 155 B.R. 699, 710 (S.D.Miss.1993). The Bankruptcy Court also denied the Tax Commission relief from the automatic stay, citing the twelve factors for lifting a stay set forth in *In re Curtis,* 40 B.R. 795 (Bankr. D.Utah 1984).

Now, the Mississippi State Tax Commission asks this court to overturn the Bankruptcy Court's ruling, contending that the State of Mississippi is being denied its most fundamental right to levy and collect taxes. The parties do not dispute the facts above recited. So, for its analysis of this matter, this court shall review *de novo* the Bankruptcy Court's conclusions of law.

## APPLICABLE LAW

### A. *The Bankruptcy Court's Authority*

Title 11 U.S.C. § 505(a)(1) addresses the Bankruptcy Court's jurisdiction to determine certain tax liabilities, stating that, "[e]xcept as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Title 11 U.S.C. § 505(a)(2) provides that the Bankruptcy Court may not determine, "the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title...." In the instant case only an assessment of Pursue's probable tax liability had been made when Pursue filed its petition for bankruptcy relief. No adjudication had been made which would have precluded the Bankruptcy Court from considering the tax issues pursuant to Title 11 U.S.C. § 505(a)(1).

### B. *The "Core" Proceeding Determination*

The Bankruptcy Court determined that the dispute between Pursue and the Tax Commission was a "core" proceeding pursuant to (A), (B), and (O) of Title 28 U.S.C. § 157(b)(2). Title 28 U.S.C. § 157(b)(2) provides that core proceedings include, but are not limited to:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, *and estimation of claims or interests for the purposes of*

*confirming a plan under chapter 11, 12, or 13 of title 11* but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

Because the dispute involved tax liability, liquidation of the assets of the estate, administration of the estate, and allowance or disallowance of claims against the estate,

the Bankruptcy Court concluded that the dispute involved matters which the Bankruptcy Court could hear and determine pursuant to Title 28 U.S.C. § 157(b)(1).[2] Inasmuch as Pursue's tax liability was the issue, the Bankruptcy Court concluded that the determination of tax liability constituted a core proceeding under Title 28 U.S.C. § 157(b)(2)(B), particularly the estimation of claims or interests for the purposes of *confirming a plan under Chapter 11* of the Bankruptcy Code. *See In re Hunt*, 95 B.R. 442, 444 (Bankr.N.D.Tex. 1989) (determination of tax liability constitutes a core proceeding). *See also* Title 11 U.S.C. § 505(a)(1)(above, permitting the Bankruptcy Court to determine the amount or legality of any tax); *In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir.1999) (a proceeding is core under § 157 if it involves a substantive right provided by Title 11 or a matter that, by its nature, could arise only in the context of a bankruptcy case).

■ This court agrees. This case qualifies as a core proceeding under the three criteria of 157(b)(2) cited by the Bankruptcy Court. First, the dispute over Pursue's tax liability directly affects the administration of the bankruptcy estate. The Tax Commission is *potentially a very large* creditor in position to wrest over $11,000,000.00 from the bankruptcy estate if its assessments were to be upheld by state court proceedings. Therefore, this court finds no error in the "core" proceeding determination and the Bankruptcy Court's decision to undertake the determination of the tax issues in question.

### C. *The Matter of Abstention*

■ Where the controversy before the Bankruptcy Court lies "at the core of

---

**2.** Title 28 U.S.C. § 157(b)(1) provides that, "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."

the federal bankruptcy power," *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* 458 U.S. 50, 71, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the bankruptcy law permits but does not require abstention.[3] *See* Title 28 U.S.C. § 1334(c)(1)[4], providing that the court has the discretion to abstain from deciding either core or non-core proceedings. A federal district court or bankruptcy court may find that remand to a state court of competent jurisdiction is appropriate in a case removed on bankruptcy grounds whether it is "core" or "non-core" if there is any equitable ground for doing so. *See Chickaway v. Bank One Dayton, N.A.,* 261 B.R. 646, 650 (S.D.Miss.2001), citing *In re Southmark Corp.,* 163 F.3d at 929. The factors for a district court or a bankruptcy court to consider with regard to permissive abstention are set forth in *Searcy v. Knostman,* 155 B.R. 699, 710 (S.D.Miss. 1993):

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

In the instant case the Bankruptcy Court first considered the administrative process under Mississippi law provided under Mississippi Code Annotated §§ 27–65–45[5] and 27–65–47[6]. The Bankruptcy

---

**3.** Under Title 28 U.S.C. § 1334(c)(2), only in "non-core" proceedings are the federal courts required to abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." *In re Gober,* 100 F.3d 1195, 1206 (5th Cir.1996).

**4.** Title 28 U.S.C. § 1334(c)(1) provides that, "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

**5.** Mississippi Code Ann. § 27–65–45 provides as follows: If any taxpayer feels aggrieved by an assessment for taxes made upon him for any year by the commissioner, he may apply to the board of review, such board to be composed of qualified employees of the commission appointed by the chairman, said application to be made by petition in writing, within ten (10) days after notice is mailed to him, for a hearing and a correction of the amount of the tax assessed upon him by the commissioner. At said hearing, the board of review shall try the issues presented, according to the law, the facts and within guidelines set by the commissioner, and shall notify the taxpayer of its determination, and if the board

Court noted that a taxpayer aggrieved by an assessment of sales taxes faces a potential four-step process: (1) review before the Tax Board; (2) then to the full Tax Commission; (3) then to the Chancery Court; and, finally, to the Mississippi Supreme Court. The Bankruptcy Court observed that no actual hearing on Pursue's severance tax liability had been conducted at the time Pursue filed for relief in bankruptcy, and that, at least at the time of the Bankruptcy Court was considering this matter, the tax issue actually could have been adjudicated faster and more efficiently in the Bankruptcy Court.

■ This court agrees with this analysis. Furthermore, notwithstanding the Tax Commission's suggestion that accommodations could be made, the Bankruptcy Court concluded that the Mississippi statutory provision which required full payment of the tax in question before appeal to the full Tax Commission would be unfair to the

unsecured creditors in the bankruptcy proceeding since an amount in the neighborhood of $11,000,000.00 could be taken from the estate in a proceeding in which the unsecured creditors could not participate. This court also agrees with this observation.

Next, the Bankruptcy Court considered the *Searcy* factors, having already found that remand to state court would not result in more efficient administration of the bankruptcy estate, and that no related proceeding had been commenced in state court or in some other non-bankruptcy proceeding (factors 1 and 4). Pursuant to factors 2, 3, 5 and 8 that the state law issues did not predominate over bankruptcy issues; that there were no difficult or unsettled issues of state law to be resolved; that the Bankruptcy Court's jurisdiction was not based only on § 1334; and that severing any state law claims from

---

of review orders the payment of the tax, the taxpayer shall pay the tax, damages and interest, if any, within ten (10) days after the order is issued provided there is no application for appeal to the State Tax Commission.

If any taxpayer feels aggrieved by the decision of the board of review, he may apply to the State Tax Commission by petition, in writing, within ten (10) days after notice is mailed to him, for a hearing and a correction of the amount of the tax assessed upon him by the commissioner, in which petition he shall set forth the reasons such hearing should be granted and the amount in which such tax should be reduced. The State Tax Commission shall promptly consider the petition, grant the hearing, and notify the petitioner of the time and place fixed for the hearing. After the hearing, the State Tax Commission may make such order in the matter as may appear to it just and lawful and shall furnish a copy of the order to the petitioner. If the State Tax Commission orders the payment of the tax, the taxpayer shall pay the tax, damages and interest, if any, within ten (10) days after the order is issued. Interest shall accrue on the delinquent tax at the rate of one percent (1%) per month or part of a month

from and after the expiration of ten-day period if not paid by that time.

6. Mississippi Code Ann. § 27–65–47 provides that, "[a]ny person improperly charged with any tax imposed by this chapter, and required to pay the same, may recover the amount paid together with interest, in any proper action or suit against the commissioner for the amount paid into the state treasury, or to a representative of any municipality or county which has received any part of the tax sought to be recovered; and the chancery court of Hinds County, or of the county of the taxpayer's residence or place of business, shall have original jurisdiction of any action to recover any tax improperly collected by the commissioner and paid into any fund in the state treasury or to any municipality, county, or other taxing authority which benefits by said tax.

The chancery court, or the supreme court of Mississippi on appeal to it, may, if it be of the opinion from all the evidence that the assessment is incorrect or in part invalid, determine the amount of tax due and shall decide all questions both as to legality and the amount of the tax and enter judgment therefor."

core bankruptcy matters to allow judgments to be entered in state court was not feasible given that no state court proceeding was underway.

Under factors 6 and 7 the bankruptcy Court found the tax issue to be closely related to the main bankruptcy case, not so remote as had been suggested by the Tax Commission. Under Factor 9 the Court could find no less burdensome a docket in state court than in the Bankruptcy Court.

Addressing factor 10, the Bankruptcy Court responded to the Tax Commission's suggestion that Pursue simply was forum shopping with regard to a straightforward state tax issue which should have been adjudicated in state court. The bankruptcy Court referred to the lawsuit against Pursue brought by its royalty holders in the Chancery Court of Simpson County, Mississippi. Since Pursue faced a potentially large judgment being returned against it in that litigation, the Bankruptcy Court concluded that this was not merely an attempt by Pursue to forum shop the tax issue.

Factor 11 concerns the loss of any right to trial by jury. The Bankruptcy Court

found that this factor had no application to the instant case. The presence of non-debtor parties, the unsecured creditors, weighed in favor of denying abstention under factor 12. Finally, under factor 13 concerning comity, the Bankruptcy Court concluded that the Chancery Court of Mississippi was no better suited to address the tax issues than was the Bankruptcy Court in terms of special expertise. So, the motion of the Tax Commission for the Bankruptcy Court to abstain was denied. This court concurs.

### D. *The Matter of Lifting the Automatic Stay*

Finally, the Bankruptcy Court denied the Tax Commission's request to lift the automatic stay and to permit state court proceedings to go forward. The automatic stay of Title 11 U.S.C. § 362 [7] prohibits parties moving to lift stay from proceeding against a debtor in other proceedings without first obtaining relief from the automatic stay. The filing of a petition under Chapter 11 of the Code operates pursuant to § 362(a) as an automatic stay of: (1) the commencement or continuation including the issuance or employment of process, of a judicial, administrative or other action or

---

7. Title 11 U.S.C. § 362(a) states that, "[e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor."

proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [and] . . . (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. Section 362 is deemed "one of the fundamental debtor protections provided by the bankruptcy laws." H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in USCCAN 5963, 6296; S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 USCCAN 5787, 5840. In *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir.1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), the United States Court of Appeals for the Second Circuit stated that the stay is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another. *Id.,* at 55.

■ Under Title 11 U.S.C. § 362(d)(1), the Bankruptcy Court could have granted the Tax Commission relief from the automatic stay "for cause" if it had found just cause to do so. *In re Fowler,* 259 B.R. 856, 858 (Bkrtcy. E.D.Tex.2001). The Bankruptcy Code does not specify what constitutes "cause" to grant relief from the stay other than "lack of adequate protection," so, one may look to the legislative history to 362(d) for some guidance:

> Subsection (d) requires the court, on request of a party in interest, to grant relief from the stay, such as by termi-nating, annulling, modifying, or conditioning the stay, for cause. The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. . . . [A] a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the Bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances. H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 343–44 (1977).

When relief from the automatic stay is sought, the party seeking the relief has an initial burden to demonstrate cause for relief. *See In re RCM Global Long Term Capital Appreciation Fund. Ltd.,* 200 B.R. 514, 526 (Bankr.S.D.N.Y.1996); and *In re Stranahan Gear Company, Inc.,* 67 B.R. 834, 836–37 (Bankr.E.D.Pa.1986), both cases cited in *In re Fowler,* 259 B.R. at 858. Ultimately, the granting of relief from the automatic stay is left to the discretion of the bankruptcy court and is decided on a case by case basis. *In re Fowler,* 259 B.R. at 858.

■ In the instant case the Bankruptcy Court relied on *In re Curtis,* 40 B.R. at

799–800, a case cited in *In re Fowler*, 259 B.R. at 858. *Curtis* listed twelve factors a court should weigh in deciding whether to lift the automatic stay:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and balance of harms.

*Id.*, at 799–800. The Bankruptcy Court found that the tax issues could be decided fully in either federal or state court, concluding that the first factor weighed against lifting the stay. Under factor 12, the bankruptcy Court concluded that allowing the state courts to determine the tax issues would compromise unnecessarily the assets of the bankruptcy estate. Finding that it already had addressed factors 2, 4, 7, 10 and 11 in its consideration of abstention, and finding that factors such as 3, 5, 6, 8 and 9 did not apply to this case, the Bankruptcy Court concluded that the automatic stay should not be lifted to permit the Mississippi States Tax Commission to proceed. This court agrees.

### CONCLUSION

Therefore, in light of the foregoing authority and analysis, this court finds the conclusions of law determined by the Bankruptcy Court to be well taken and they are hereby affirmed.